■ ABRAM FRIEDMAN, as Administrator of the Estate of GOLDIE FRIEDMAN, Deceased, Respondent, v. PARK LANE MOTORS, INC., et al., Appellants.— Order, entered on January 3, 1964, unanimously reversed, on the law, with $20 costs and disbursements to appellants, the second affirmative defense reinstated, and summary judgment granted defendants. The present action is to recover damages for pain and suffering and wrongful death of plaintiff's intestate, allegedly as a result of injuries suffered in an accident which occurred March 24, 1960, involving a car owned by defendant Park Lane Motors, Inc., then being operated by defendant Bernard Friedman, son of the decedent. The defense reinstated is that of collateral estoppel. It is alleged the basic question sought to be litigated here, whether decedent sustained injuries in the accident of March 24, 1960, has already been decided adversely to plaintiff in a separate action brought by plaintiff and the individual defendant here against the individual defendant's insurer to recover for medical payments arising out of the occurrence here sued upon. The individual defendant ceased to be a party plaintiff before the trial and judgment in that case. In the prior action plaintiff conceded at the outset, in order to recover, he must prove there was an accident and the injuries claimed came from the accident. The court charged the jury without exception " Was there an accident? Did the decedent at the time of the accident suffer this disability, this fractured hip, and if she did and if you find that she did, then the plaintiff is entitled to recover." The defendant during the trial agreed with the court the single issue in the case was whether decedent was injured as a result of the accident. If she was the jury would then consider the amount of the bills which exceeded the insurance coverage. The court, after charging as above quoted, concluded " Your verdict in this case will be either judgment for the plaintiff in the sum of $2000 or judgment for the defendant." This was not excepted to by either party. The jury thereafter found for defendant. As pointed out by this court, McNALLY, J., in granting defendants' motion to serve an amended answer, " Here, plaintiff has litigated the issue as to causal relation between the occurrence and his intestate's injuries; the issue was adjudicated against plaintiff. Consequently, plaintiff may be estopped from establishing an essential of his causes of action." (*Friedman* v. *Park Lane Motors*, 18 A D 2d 262, 265.) Had the jury found the accident as a fact to have resulted as claimed, it could not under any circumstances have found there was no value to the services rendered in light of the uncontradicted testimony presented. The questions as to manner and method of payment of medical bills were directed almost solely to the credibility of the witness, not the fact of the existence of medical bills. Concur — Valente, J. P., McNally, Stevens and Steuer, JJ.